IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| VICTORIA SETHUNYA,<br><br>    Plaintiff,<br><br>vs.<br><br>WEBER STATE UNIVERSITY, ANN MILLNER, JAN WINNIFORD, RICHARD HILL, MORTEZA EMAMI, KAREN GARCIA, JEFFREY HURST, JOHN ALLRED, MARK SIMPSON, CHRISTOPHER REVIERA, and BRET ELLIS,<br><br>    Defendants. | MEMORANDUM DECISION and REPORT AND RECOMMENDATION TO GRANT MOTIONS TO DISMISS<br><br><br>Case No: 1:08-cv-163 DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge David Nuffer |

Defendants Weber State University, Ann Millner, Jan Winniford, Richard Hill, Morteza Emami, Karen Garcia, Jeffrey Hurst, John Allred, Mark Simpson, Christopher Reviera, and Bret Ellis have filed motions to dismiss the claims brought against them by Plaintiff Victoria Sethunya. Under 28 U.S.C. § 636(b)(1)(B), District Judge Dale A. Kimball referred this case to the magistrate judge for a report and recommendation on all issues.

**Background**

Plaintiff Victoria Sethunya is from Lesotho, Africa, and attended Weber State University ("WSU") on a student and visitor's visa. Sethunya alleges that in the fall of 2005, her name was improperly removed from WSU's international student list as a result of a computer "glitch." On November, 2, 2006, Defendant Richard Hill notified

Sethunya about the computer glitch.[1] Hill wrote Sethunya a letter stating that her "legal status to be a student in the US had been accidentally taken away by the University Computer system."[2] Despite Sethunya's immigration status, WSU allowed Sethunya to re-enroll at WSU, and Sethunya graduated in May, 2007.[3]

In February, 2007, Sethunya applied for Optional Practical Training ("OPT"). As part of that application process, Sethunya approached WSU to obtain an OPT I-20 form in the first part of 2007. Sethunya claims that on February 26, 2007, Defendant Karen Garcia, a secretary for the International Students office, told her that "she could not give [her an] OPT application packet because [she] was not in valid student status."[4] Sethunya further claims that, on March 19, 2007, Defendant Richard Hill wrote her a letter stating that she would have to leave the country in order to validate the I-20 form.[5]

Nevertheless, on March 19, 2007, Sethunya filed her application for OPT with the U.S. Citizenship and Immigration Services ("USCIS").[6] On July 18, 2007, USCIS requested further information from Sethunya in order to process her application.[7] Specifically, USCIS requested that Sethunya submit a copy of her I-20 form, which had been properly certified by the designated school official recommending part-time or full-time OPT.[8]

---

[1] Amended Complaint, ¶ 75(a)(ii), docket no. 4, filed January 13, 2009.
[2] *Id.*
[3] Response Motion to Weber State University's Response Memorandum to Dismiss and Plaintiff's Request for Summary Judgment, ¶ 13, docket no. 20, filed March 27, 2009.
[4] Amended Complaint, ¶ 75(d)(ii).
[5] *Id.* at ¶ 37.
[6] *Id. at* ¶ 74.
[7] Notice of Decision at 1, docket no. 56, filed July 31, 2009 (exhibit to Response to Motion to Dismiss, docket no. 52, filed July 30, 2009).
[8] *Id.*

Sethunya states that on July 31, 2007, Defendant Morteza Emami told her that she should ask Senator Hatch's office for help with her OPT application.[9] However, on August 13, 2007, Sethunya submitted an I-20 form to USCIS that had not been properly certified by the designated school official.[10] Accordingly, on October 4, 2007, USCIS determined that Sethunya had not established eligibility for the OPT program.[11] In September, 2008, Sethunya filed a notice of claim with WSU.[12]

Sethunya claims that she has been damaged by WSU and the actions of the individual defendants. Consequently, Sethunya brought this action alleging numerous state law and constitutional violations. In response, WSU and the individual defendants filed motions to dismiss the suit.

**Analysis**

**1.    WSU's Motion to Dismiss**

WSU claims it is immune from this suit because of the Eleventh Amendment. It is well-settled legal doctrine that the Eleventh Amendment bars federal lawsuits against a state or arms of the state.[13] State universities are consistently found to be arms of the state.[14] WSU is a state university and, as such, is an arm of the state of Utah.

WSU correctly stated in its Motion to Dismiss that "[i]n order for anyone other than the federal government or another state to sue a state, the defendant state must either wave immunity or Congress must specifically abrogate Eleventh Amendment

---

[9] Amended Complaint, ¶ 75(d)(ii).
[10] Notice of Decision at 2.
[11] *Id*.
[12] Memorandum in Support of The Individual Defendants' Motion to Dismiss, Exhibit A, docket no. 42, filed June 22, 2009.
[13] *Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc*., 506 U.S. 139, 144 (1993).
[14] *See Watson v. Univ. of Utah Med. Ctr*., 75 F.3d 569, 574-75 (10th Cir. 1996); *Korgich v. Regents of N.M. Sch. Of Mines*, 582 F.2d 549, 551-52 (10th Cir. 1978); *Prebble v. Brodrick*, 535 F.2d 605, 610 (10th Cir. 1976); *Brennan v. Univ. of Kan*., 451 F.2d 1287, 1290 (10th Cir. 1971).

3

immunity."[15]  In this case, WSU has not affirmatively waived its Eleventh Amendment immunity and furthermore, the enactment of Utah's Governmental Immunity Act did not waive the state's Eleventh Amendment immunity.[16]  In addition, there is no Congressional abrogation of Eleventh Amendment immunity that would apply here.  Accordingly, because WSU is an arm of the state and Eleventh Amendment immunity is not waived, WSU is immune from this suit.

Sethunya contends, however, that her claim against WSU for prospective injunctive relief is not barred by the Eleventh Amendment.  Specifically, Sethunya seeks to have WSU "restore [her] to lawful status with immediate effect."[17]  Sethunya relies upon *Ex parte Young*[18] and contends that her claim is not barred because it seeks *prospective* relief from Defendants' ongoing alleged violations of federal law.[19]

In *Ex parte Young*, the Supreme Court created the legal fiction that allows state officials to be sued in their official capacity for prospective injunctive relief.[20]  However, the doctrine announced in *Ex parte Young* does not apply to this case because it only applies to suits against officials, and not against states or their entities.  The Supreme Court has stated that *Ex parte Young* "has no application in suits against the States and their agencies."[21]  Therefore, because Sethunya's claim for injunctive relief is solely against WSU and not against any officials, *Ex parte Young* is inapplicable and her claims against WSU are barred by the Eleventh Amendment.

---

[15] Memorandum in Support of Weber State University's Motion to Dismiss at 3, docket no. 7, filed January 20, 2009.
[16] *Richins v. Indus. Const., Inc*., 502 F.2d 1051, 1055 (10th Cir. 1974).
[17] Amended Complaint, ¶ 76.
[18] 209 U.S. 123 (1908).
[19] Opposition to Weber State University's Motion to Dismiss, ¶ 7, docket no. 17, filed March 11, 2009.
[20] *Harris v. Owens*, 264 F.3d 1282, 1290 (10th Cir. 2001).
[21] *Puerto Rico Aqueduct*, 506 U.S. at 146.

Furthermore, Sethunya's claim for injunctive relief against WSU is futile. WSU does not have the authority or the capability to restore Sethunya to lawful status. The type of relief Sethunya requests can only be obtained through the federal government. In fact, Sethunya's memorandum contains multiple references that make clear that only the federal government can effect the requested change in her legal status. For example, Sethunya admitted that "the federal government issues and revokes foreign student status."[22] Thus, Sethunya's claim for injunctive relief cannot possibly be ordered against WSU.

### 2. Individual Defendants' Motion to Dismiss

Sethunya's amended complaint alleges eighteen causes of action. Only two of those causes of action can possibly be construed as constitutionally based. The remaining sixteen causes of action are state law claims. We will address Sethunya's constitutional claims first.

**(a) Individual Defendants' Motion to Dismiss Plaintiff's Constitutional Claims**

Sethunya asserts two claims that appear to be constitutionally based. Her 17th cause of action is entitled "Discrimination by geographical categories and/or by skin color and/or by physique and/or by not holding US status."[23] Sethunya's 18th cause of action is entitled "Cruel and Unusual Treatment."[24]

**(i)   Plaintiff's Discrimination Claim**

Sethunya's "discrimination" claim alleges that "the University put [her] in unlawful status and then subjected [her] to treatment given to those who do not duly

---

[22] Opposition to Weber State University's Motion to Dismiss at ¶ 7.
[23] Amended Complaint, ¶ 75(p).
[24] *Id.* at ¶ 75(q).

deserve the benefits that [she] otherwise deserved."[25] As such, Sethunya has only alleged discrimination against WSU and not against any of the individual defendants. The Tenth Circuit has held that the plaintiff must plead sufficient facts establishing an affirmative link between the defendant's conduct and any constitutional violation.[26] Here, Sethunya failed to allege that any of the individual defendants discriminated against her and also failed to delineate any alleged wrongful conduct by the individual defendants. Accordingly, Sethunya has not sufficiently established an affirmative link between any of the individual defendants' conduct and a constitutional violation.

      **(ii)      Plaintiff's Cruel and Unusual Treatment Claim**

Sethunya's cruel and unusual treatment claim is misguided. Cruel and unusual treatment, in violation of the Eighth Amendment, may only be asserted against "prison officials and those to whom they delegate penological responsibilities for prisoners."[27] As Sethunya was not a prisoner, and none of the individual defendants were prison officials, there can be no Eighth Amendment claim in this case.

  **(b) Plaintiff's State Law Claims**

The individual defendants contend that Sethunya's state law claims against them should be dismissed because Sethunya failed to properly file a notice of claim against them. The individual defendants contend that Sethunya's notice of claim is improper for two reasons: (i) the notice of claim failed to specify any individual defendants and the nature of the claims asserted against them, and (ii) the notice of claim was untimely.

---

[25] *Id*. at ¶ 75(p)(ii).
[26] *Stidham v. Peace Officer Standards & Training*, 265 F.3d 1144, 1156 (10th Cir. 2001).
[27] *Smith v. Cochran*, 339 F.3d 1205, 1213 (10th Cir. 2003).

### (i) Failure to name individual defendants and the claims against them

The Governmental Immunity Act of Utah states that before a plaintiff may file a complaint against the state or against its employees, the plaintiff must "file a written notice of claim with the entity."[28] If a notice of claim is not properly filed, the court is deprived of subject matter jurisdiction over those claims.[29] Among other things, the Governmental Immunity Act requires the notice of claim to include "the nature of the claim asserted"[30] and "if the claim is being pursued against a governmental employee individually as provided in Subsection 63G-7-202(3)(c), *the name of the employee*."[31]

In September 2008, Sethunya filed a notice of claim with WSU.[32] In the notice of claim, Sethunya asserts a number of claims against WSU. However, the notice of claim does not contain any allegations against any of the individual defendants. In fact, the notice of claim completely fails to even mention any of the individual defendants.

Nevertheless, Sethunya claims that she has met the requirements set forth by the Governmental Immunity Act because four of the individual defendants' names are on the mailing certificate of the notice of claim. However, it is "consistently and uniformly held that suit may not be brought against the state or its subdivisions unless the requirements of the Governmental Immunity Act are *strictly* followed."[33] By simply placing some of the individual defendants' names on the mailing list, Sethunya failed to strictly comply with the requirements of the Governmental Immunity Act. Sethunya did not state the name of each individual defendant and she failed to specify the nature of the claims being asserted against them.

---

[28] Utah Code Ann. 63G-7-401(2).
[29] *Rushton v. Salt Lake County*, 1999 UT 36, ¶ 18, 977 P.2d 1201.
[30] Utah Code Ann. 63G-7-401(3)(a)(ii).
[31] Utah Code Ann. 63G-7-401(3)(a)(iv) (emphasis added).
[32] Memorandum in Support of The Individual Defendants' Motion to Dismiss, Exhibit A.
[33] *Hall v. Utah State Dept. of Corr.*, 2001 UT 34, ¶ 23, 24 P.3d 958.

### (ii) The notice of claim was untimely

Even if Sethunya properly named the individual defendants in her notice of claim, the individual defendants argue that the notice of claim was untimely filed. Utah's Governmental Immunity Act requires that a notice of claim be filed within one year after the claim arises.[34] "A claim arises when the statute of limitations that would apply if the claim were against a private person begins to run."[35]

Sethunya alleges several causes of action against the defendants, all of which stem from the alleged computer glitch. The majority of her claims are based on the theory of negligence. In addition, Sethunya has alleged intentional or negligent infliction of emotional distress. Under the Governmental Immunity Act, a claim for infliction of emotional distress or negligence arises when the plaintiff suffers an injury.[36] In this case, Sethunya suffered an injury by July 31, 2007 at the latest. By July 31, 2007, Sethunya had been told numerous times that she had been removed from the student rosters and, as a result of not being on the rosters, she was denied numerous benefits, including denied medical access on campus and denied assistance in filing her OPT application. Sethunya's alleged injuries arose from the denial of certain benefits, all of which occurred by July 31, 2007 at the latest. Thus, Sethunya's negligence and infliction of emotional distress claims accrued no later than July 31, 2007. Because she filed her notice of claim more than one year after the accrual of those claims, Sethunya's notice of claim was untimely filed.

---

[34] Utah Code Ann. § 63G-7-402.
[35] Utah Code Ann. § 63G-7-401(1)(a).
[36] *Tuttle v. Olds*, 2007 UT App 10, ¶ 11, 155 P.3d 893 (negligence); *Hatch v. Davis*, 2004 UT App 378, ¶ 40-41, 102 P.3d 774 (stating that an action for infliction of emotional distress is actionable when all of its elements come into being, including the plaintiff's injury).

The remainder of Sethunya's state law claims alleges libel and defamation.  For each of these causes of action, Sethunya's claim accrued when the misstatements occurred.  However, Sethunya has failed to allege in her Amended Complaint when the allegedly libelous and defamatory statements were made.  Therefore, this court is unable to determine whether Sethunya's notice of claim for libel and defamation was timely filed.

## RECOMMENDATION

Because the plaintiff's claims against WSU and the individual defendants are deficient, IT IS RECOMMENDED that WSU's and the individual defendants' motions to dismiss[37] be granted.

## NOTICE

Within 10 days after being served with a copy of this recommended disposition, a party may serve and file specific, written objections.[38] A party may respond to another party's objections within 10 days after being served with a copy thereof. The rules provide that the district judge to whom the case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject or modify the

---

[37] Docket nos. 6 & 41.
[38] *See* 28 U.S.C. § 636(b)(1)(B).

recommended decision, receive further evidence, or re-commit the matter to the magistrate judge with instructions.

DATED this 20th day of October.

BY THE COURT:

David Nuffer
U.S. Magistrate Judge